IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD L. HAVENAR, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-692-PJC |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Claimant, Richard L. Havenar, III ("Havenar"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Havenar's applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Havenar appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Havenar was not disabled. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### Procedural History

Havenar made his applications in 2006, and he alleged onset of disability on January 15, 2006. (R. 87-91). The ALJ issued an unfavorable decision dated June 9, 2008, and the Appeals Council denied further review on March 26, 2009. (R. 399-414). Havenar appealed to this

Court, and an affirming Order was issued September 20, 2010. *Havenar v. Astrue*, 09-cv-297-TLW (N.D. Okla. September 20, 2010).

The Tenth Circuit reversed in an unpublished decision. *Havenar v. Astrue*, 438 Fed. Appx. 696 (10th Cir. 2011) (unpublished). The Tenth Circuit noted that agency examining consultant Denise LaGrand, Ph.D., had administered an intelligence test that found that Havenar had a full scale IQ of 70. *Id.* at 697. The court also noted that Havenar appeared to meet two requirements of Listing[1] 12.05C because the IQ test results placed Havenar within the presumptive range of that Listing and Havenar had an additional significant limitation. *Id.* at 698-99. The court found that the ALJ's decision was not clear in discussing Listing 12.05C and that it was insufficient to permit meaningful review. *Id.* at 699. The court therefore reversed and remanded for that reason and for reasons related to the hypothetical questions posed to the vocational expert. *Id.* at 698-700.

Havenar's case was therefore remanded back to the Social Security Administration for further proceedings, and the ALJ issued a second unfavorable decision dated July 27, 2012. (R. 354-66). The Appeals Council denied further review in an order dated August 15, 2013. (R. 332-35). Thus, the July 27, 2012 decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Social Security Law and Standard Of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[1] At Step Three of the five-step sequential process to evaluate a disability claim, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App.1 ("Listings").

2

impairment." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520.[2] *See also Wall v. Astrue*, 561 F.3d 1048, 1052-53 (10th Cir. 2009) (detailing steps). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax*, 489 F.3d at 1084 (citation and quotation omitted).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App.1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to Step Four, where the claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's Step Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account his age, education, work experience, and RFC, can perform. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Wall*, 561 F.3d at 1052 (quotations and citations omitted). Although the court will not reweigh the evidence, the court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.*

## Decision of the Administrative Law Judge

In his July 27, 2012 decision, the ALJ found that Havenar met insured status requirements through March 31, 2011. (R. 356). At Step One, the ALJ found that Havenar had not engaged in any substantial gainful activity since his alleged onset date of January 15, 2006, although he noted some evidence that Havenar was working for parts of the relevant time period. *Id.* At Step Two, the ALJ found that Havenar had severe impairments of degenerative disc disease, borderline intellectual functioning with functional illiteracy, and obesity. *Id.* At Step Three, the ALJ found that Havenar's impairments did not meet any Listing, including Listing 12.05C. (R. 359-62).

The ALJ found that Havenar had the RFC to perform light work with occasional stooping or crouching. (R. 362). At Step Four, the ALJ determined that Havenar could return to past relevant work. (R. 364). In the alternative, at Step Five, the ALJ found that there were a significant number of jobs in the national economy that Havenar could perform, taking into account his age, education, work experience, and RFC. (R. 365-66). Therefore, the ALJ found that Havenar was not disabled at any time since January 15, 2006. (R. 366).

**Review**

The Court agrees with Havenar that the ALJ's analysis of the evidence and law relating to Listing 12.05C is not in compliance with legal requirements. For these reasons, the ALJ's July 27, 2012 decision is **REVERSED AND REMANDED**.

Listing 12.05 states as follows:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> [Subsections A and B omitted.]
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
> [Subsection D omitted.]

20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05.

In his decision, the ALJ discussed the report of Dr. LaGrand, including the results of the IQ test. (R. 358-59). He then said that her report was generally consistent with the record as a whole, but that it had some inconsistencies or omissions. (R. 359). He continued:

> Dr. LaGrand does not appear clearly to delineate cognitive functioning with adaptive functioning, and that is essentially the crux of the matter. As will be discussed in length elsewhere, the claimant has essentially normative functioning from an adaptive standpoint, and his actions, choices and daily life reflect this. Accordingly, Dr. LaGrand's assessment is given some, but not great weight.

*Id.*

The ALJ went on to discuss Listing 12.05C, and he emphasized the words "adaptive functioning" in the wording of the Listing. *Id.* The ALJ acknowledged that Listing 12.05C was a major issue of Havenar's claim, and he stated that Havenar appeared "on paper" to meet the criteria of IQ and a second severe impairment. (R. 360). The ALJ questioned the evidence that

5

Havenar had his intellectual deficiencies before age 22, but he continued past that stating that "the central issues are that functionally, the claimant is performing at a much higher level." *Id.* He said that Havenar's adaptive functionality appeared "virtually normative other than functional illiteracy." *Id.* The ALJ then went through numerous examples of Havenar's functioning that he said indicated that Havenar performed at a much higher level than his testing indicated. *Id.* He said that this ability to function eroded the "presumptive basis of mental retardation or even low I.Q." *Id.* Later in his decision, the ALJ explicitly stated that Havenar did not have deficits in adaptive functioning and that he therefore did not meet or medically equal Listing 12.05C. (R. 364).

The Tenth Circuit discussed Listing 12.05C and the requirement that a claimant have deficits in adaptive functioning at some length in *Barnes v. Barnhart*, 116 Fed. Appx. 934 (10th Cir. 2004) (unpublished). While the wording of Listing 12.05C itself does not make clear that deficits in adaptive functioning are an added requirement to the criteria of low IQ and an additional severe impairment, the Tenth Circuit found that the Social Security Administration had confirmed that deficits in adaptive functioning are a requirement through a 2000 amendment and agency rulings. *Id.* at 938-39. The court noted, however, that several questions remained about the additional requirement of deficits in adaptive functioning, including "how it should be assessed by the ALJ." *Id.* at 940. The *Barnes* court described the analysis of the ALJ in that case as an "ad hoc functional approach," and it said that the ALJ had not complied with the Commissioner's "direction that ALJs choose and apply one 'of the measurement methods recognized and endorsed by [one of] the [four major] professional organizations' dealing with mental retardation." *Id., quoting* 67 Fed. Reg. 20,018, 20,022 (Apr. 24, 2002) (brackets in original). Because the ALJ had not complied with the requirement of choosing and applying an

6

identified method, the Tenth Circuit said that the case must be remanded and that the ALJ must identify which standard he selected so that the court would be able to provide a meaningful review. *Barnes*, 116 Fed. Appx. at 940, 942-43.

This Court is in the same position in Havenar's case that the Tenth Circuit was in with regard to the *Barnes* case, with the same inability to provide meaningful review of the ALJ's decision. Here, the ALJ expressed frustration, as quoted above, that the agency consultant, Dr. LaGrand, had focused on intellectual functioning instead of adaptive functioning, but he did not request a supplemental opinion from an expert such as Dr. LaGrand or another agency consultant. Instead, he appears to have decided on his own criteria for assessing adaptive functioning, without communicating in his decision how he arrived at those criteria. As discussed above, the Tenth Circuit made clear in *Barnes* that the ALJ was required by the ruling of the Social Security Administration to choose and apply a measurement method recognized by one of four major professional organizations. Because this Court cannot assess what the ALJ's methodology was, there is no way to provide meaningful review.

Thus, as was true in *Barnes*, this Court must reverse and remand[3] so that the ALJ can explicitly state his method, chosen from one of the four professional organizations as required by

---

[3] There has been no suggestion by either party that an additional consultative examination is required, and the Court does not make such a finding. Given, however, that the ALJ expressed some frustration that Dr. LaGrand did not focus on the central question of Havenar's adaptive functioning, the Court suggests that the ALJ consider on remand whether an additional consultative examination and report addressing that question would be of assistance. *See Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (if claimant has shown a reasonable possibility that a severe impairment exists, ALJ should order consultative examination if it is necessary or helpful to resolve the issue of impairment); *Chapo v. Astrue*, 682 F.3d 1285, 1293 (10th Cir. 2012) (ALJ encouraged to obtain updated report "to forestall any potential problem from arising in this respect on remand").

the Social Security Administration's own regulations, and can provide his analysis of the facts of Havenar's case measured against the chosen criteria.

## Conclusion

The Court takes no position on the merits of Havenar's disability claim, and "[no] particular result" is ordered on remand. *Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This case is remanded only to assure that the correct legal standards are invoked in reaching a decision based on the facts of the case. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003), *citing Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

Because this case is reversed based on the ALJ's failure to explain his methodology for assessing whether Havenar had deficits in adaptive functioning, the undersigned declines to discuss Havenar's other asserted appeal issues. On remand, the Commissioner should ensure that any new decision sufficiently addresses all issues raised by Havenar.

Based on the foregoing, the decision of the Commissioner denying disability benefits to Claimant is **REVERSED AND REMANDED.**

Dated this 27th day of January 2015.

_____
Paul J. Cleary
United States Magistrate Judge