## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD C. HAVENER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 13-CV-692-PJC** |
| | ) | |
| **NANCY A. BERRYHILL,**[1] | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b) filed by

plaintiff's counsel.  [Dkt. #22].  Plaintiff's counsel seeks $18,000 in attorney's fees pursuant to

the terms of 42 U.S.C. § 406(b) and the contract between plaintiff and counsel.  *Id.*  Counsel has

certified that plaintiff has been advised of the fee request, as required by General Order 07-06,

and has filed plaintiff's signature stating that he does not object to the attorney's fees request.  *Id.*

at Ex. C.  The Motion is **GRANTED** as provided herein.

### Procedural History

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI, Supplemental

Security Income Benefits on March 15, 2006 alleging disability beginning January 15, 2006. He

appeared *pro se* at an ALJ hearing on May 20, 2008 and received an unfavorable decision on

June 9, 2008.  On August 7, 2008, plaintiff retained attorney Nathan E. Barnard, who filed a

Request for Review to the Appeals Council ("AC").  The request was denied.

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting
Commissioner of the Social Security Administration and is substituted as defendant in this action
pursuant to Federal Rule of Civil Procedure 25(d).

On May19, 2009, plaintiff, through counsel, appealed the AC denial to this court.  On September 21, 2010, the court denied the appeal and entered judgment in favor of the Commissioner.  Plaintiff, through counsel, appealed the district court decision, and on September 9, 2011, the Tenth Circuit reversed the district court decision and remanded the case to the Commissioner.

On June 5, 2012, plaintiff, represented by counsel, presented his case at a second ALJ hearing.  The ALJ issued an unfavorable decision on July 27, 2012.  On August 24, 2012, the decision was appealed to the AC, which denied the case on August 15, 2013.  On October 21, 2013, the decision was appealed to the District Court, which entered judgment in favor of plaintiff on January 27, 2015. [Dkt. ##20-21].

On August 7, 2015, plaintiff had a third ALJ hearing with a different ALJ, who awarded plaintiff a closed period of benefits (January 15, 2006, through March 30, 2103), because plaintiff had returned to work. The Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due SSI and DIB benefits of $118,754.  [Dkt. #34-2].

An application for attorney fees under the Equal Access to Justice Act ("EAJA") was filed and plaintiff's counsel was awarded $7,599.80 on April 3, 2012.  [Dkt. #22, Ex. B].  Plaintiff's counsel advises that currently a request for approval of attorney fees pursuant to 42 U.S.C. § 406(a) in the amount of $9,647.35 is pending approval before ALJ David Engel in the Tulsa Office of Disability Adjudication and Review.

Plaintiff's counsel seeks approval of attorney fees in the amount of $18,000, or approximately 15.16 percent of the past-due benefits.  [Dkt. #22 at 3].  Plaintiff has been notified of the pending motion and does not object to the fee request.  [Dkt. #22, Ex. C].

In her response, the Commissioner states that to the extent plaintiff's counsel attempts to base the reasonableness of his 406(b) request on the net fee (i.e., the fee after subtraction of EAJA fees), the court must find it without merit, [Dkt. #25 at 3-4]. Otherwise, the Commissioner posts no objection to the requested fee.

When a plaintiff appeals to the court and is successful, the attorney representing the plaintiff can be awarded fees for work before the court up to 25 percent of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that the fees are reasonable in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Factors to be considered include (1) whether the legal work was substandard or performed in a professional manner; (2) whether the attorney caused an unreasonable delay which resulted in a larger fee; and (3) whether the fee amount is unexpectedly large or results in such an unforeseen profit by the attorney that the fee is unconscionable. *Id.*

The Court finds that a fee award of $18,000 is reasonable. The legal work performed by plaintiff's counsel resulted in reversal of the agency's previous denials and a finding on remand that plaintiff was disabled and entitled to disability benefits totaling $118,754. Further, the amount sought is less than the amount provided by the contract between counsel and plaintiff and is within the statutory limits of Section 406(b). [Dkt. #34-1]. According to counsel's itemization of billing hours, 43 attorney hours and 19.65 paralegal hours were devoted to the court case. [Dkt. #27].

Using the attorney time only, the requested fee award yields an hourly rate of $418.60. This rate does not result a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-

contingent hourly fee would produce because contingency fee contracts have the risk that there will be no fee recovery and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the total amount of the EAJA fee award, $7,669.80, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $10,330.20, which is approximately 8.7 percent of the past due and auxiliary benefits.  The undersigned finds the amount of the award to be reasonable.

Plaintiff's Motion [Dkt. #34] is **GRANTED**.  The Court finds $18,000.00 is a reasonable attorney fee and is hereby awarded to Plaintiff's counsel.  Upon receipt of payment, counsel is required to refund to Plaintiff the EAJA fees pursuant to *Weakley*.

**IT IS SO ORDERED**, this 28th day of March 2017.

Paul J. Cleary
United States Magistrate Judge

4